**SIGNED THIS: April 19, 2010**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re                          )
                               )    In Bankruptcy
RANDALL DEAN BROWNING and      )
BETH JULIA BROWNING,           )    Case No. 10-70066
                               )
          Debtors.             )
```

# O P I N I O N

Before the Court is the Trustee's Objection to the Debtors' Schedule C - Property Claimed as Exempt. Although the Trustee raised several issues in his Objection, only one remained unresolved at the time of the hearing held on March 16, 2010. The Trustee asserts that an exemption claimed by one of the Debtors in a vehicle that is jointly owned by both Debtors must be limited to the individual Debtor's fractional interest in the vehicle. Debtors assert that, because each individual Debtor has an

undivided interest in the whole vehicle, an individual Debtor may claim an exemption in the vehicle up to the maximum $2400 allowed by statute, even if that amount exceeds the value of the Debtor's fractional interest in the vehicle. Because this Court finds that each Debtor has an undivided interest in the whole vehicle and, therefore, may claim an exemption in the whole vehicle, the Trustee's objection will be overruled.

Randall and Beth Browning ("Debtors") filed their voluntary petition under Chapter 7 of the Bankruptcy Code on January 12, 2010. On their Schedule B, they listed joint ownership of a 2002 GMC Safari van which they valued at $2250. They also scheduled joint ownership of a 2003 VW Beetle automobile which they valued at $5850. On their Schedule C, the Debtors claimed one vehicle exemption of $2250 in the GMC Safari and one vehicle exemption of $2400 in the VW Beetle. *See* 735 ILCS 5/12-1001(c). The Debtors also used $3450 of their wild card exemptions on the Beetle. *See* 735 ILCS 5/12-1001(b). All of the exemptions were claimed pursuant to Illinois law because Illinois requires its residents who file bankruptcies to use the state exemptions rather than the federal exemptions. *See* 735 ILCS 5/12-1201. As set forth above, only the exemption claim in the GMC Safari is at issue here.

The Illinois vehicle exemption allows a debtor to exempt the "debtor's **interest**, not to exceed $2400 in value, in any one vehicle[.] 735 ILCS 5/12-1001(c) (emphasis added). For bankruptcy

purposes, a debtor's interest in property is created and defined by state law.  Butner v. U.S., 440 U.S. 48, 55, 99 S.Ct. 914, 918 (1979); Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 549 U.S. 443, 451, 127 S.Ct. 1199, 1205 (2007). The nature and extent of a debtor's interest in property is governed by state law.  Fowler v. Shadel, 400 F.3d 1016, 1018 (7th Cir. 2005).  Thus, not only must this Court look to state law for the allowable exemptions for the Debtors, this Court must also look to state law to define the Debtors' actual interest in the property claimed as exempt.

There is no dispute that the Debtors own the GMC Safari as joint tenants with right of survivorship.  Both of their names are on the title.  Illinois law creates a presumption that, when a certificate of title is made out to two or more persons, the title is held in joint tenancy with right of survivorship. *See* 625 ILCS 5/3-107.1  The Trustee has made no effort to rebut the presumption.[1]

Illinois law has long defined a joint tenancy "as a present estate in all the joint tenants each being seized of the whole."

---

[1] This is not to suggest that, had the Trustee rebutted the presumption and thereby established that title to the vehicle was held by the Debtors as tenants in common rather than as joint tenants, the result here would be different.  Tenants in common also have an undivided interest in the whole of the property so held and a right to occupy and enjoy the whole of such property. *See* Dunn v. Patton, 307 Ill.App.3d 375, 380, 718 N.E.2d 264, 268 (1999).

Harms v. Sprague, 105 Ill.2d 215, 224, 473 N.E.2d 930, 934 (1984), *quoting* Partridge v. Berliner, 325 Ill. 253, 257, 156 N.E. 352 (1927).  All joint tenants enjoy the right to the use of the whole of the property so held. *See* Matter of Estate of Martinek, 140 Ill.App.3d 621, 628, 488 N.E.2d 1332, 1337 (1986).

Each Debtor here, therefore, enjoys an interest in the whole of the GMC Safari and is "seized" of the whole of that vehicle. Thus, this Court must find that each Debtor here has an interest in the GMC Safari equal to the $2250 value of the whole vehicle and, accordingly, one Debtor may use up to that amount of his or her available vehicle exemption to claim an exemption in the GMC Safari.

Because each Debtor here has an undivided interest in the whole and the asset in question cannot be divided, it is reasonable to allow one Debtor to claim an exemption in the whole.  This view is consistent with the holdings of other courts which have addressed similar issues in a bankruptcy context.  In In re Xiong, 2006 WL 1277129 (Bankr. E.D. Wis. 2006), the court found that, with respect to property which was community property and, thus, not divisible, it was rational "to permit the debtor to exempt all of the equity in indivisible marital property assets up to the statutory value limits for one debtor."  2006 WL 1277129 *at* *3. This position also is supported by In re Hendricks, 300 F. Supp. 774, 775-76 (S.D. Ill. 1969), which held that the Illinois

homestead exemption may be claimed by one spouse in the whole of a residence, not just in a debtor's one-half undivided interest.[2]

For the reasons set forth above, the Trustee's Objection to the Debtors' Schedule C will be overruled.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###

---

[2] Although the Hendricks case clearly supports the holding here that a party seized of a fractional interest in the whole may claim an exemption in the whole, this Court cites the case with some hesitation. The real property in question in Hendricks was owned by a husband and wife but the exemption issue turned, in part, on the language of the Illinois exemption statute which, at that time, limited the homestead exemption to the "householder", which most Illinois courts held could only be the husband. Hendricks, 300 F. Supp. *at* 776. While that proposition seems of ice-age vintage now, it was the law in Illinois at the time. Fortunately, Illinois has modernized its laws, and the application of the Illinois exemption statutes is no longer limited by the gender or marital status of a claimant.